# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| AIMEE R. MARTIN, | ) | CASE NO. 5:14-cv-403 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| CAROLYN W. COLVIN, ACTING | ) | |
| COMMISSIONER OF SOCIAL SECURITY | ) | |
| ADMINISTRATION, | ) | |
| | ) | |
| DEFENDANT. | ) | |

This matter is before the Court on the objections of plaintiff to the Amended Report and Recommendation of Magistrate Judge George J. Limbert regarding plaintiff Aimee Martin's request for judicial review of defendant Commissioner of Social Security's ("Commissioner") denial of her application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Title II and Title XVI of the Social Security Act. (Doc. No. 18 ["R&R"].) The R&R recommends that the Commissioner's decision be affirmed. Upon de novo review of the portions of the R&R to which specific objections have been made, and for the reasons that follow, the Court accepts the R&R in part, rejects the R&R in part, and REMANDS this matter to the Commissioner for further proceedings.

# I. BACKGROUND

On April 6, 2011, plaintiff filed applications for DIB and SSI alleging a disability onset date of July 31, 2000.[1] (Doc. No. 13 (Transcript of Proceedings ["Tr."]) at 251-61.[2]) Plaintiff's date last insured ("DLI") was determined to be December 31, 2005. (Tr. at 102.)

The Social Security Administration ("SSA") denied plaintiff's application initially, and upon reconsideration. (Tr. at 166-216, 219-23.) Plaintiff requested a hearing before the administrative law judge ("ALJ"), which was conducted on October 5, 2012. (Tr. at 119.) The ALJ held that plaintiff was not disabled as defined in the Social Security Act, and denied benefits. (Tr. at 112.) Plaintiff appealed the ALJ's decision to the Appeals Council, but her request for review was denied. (Tr. at 68.) Therefore, the ALJ's decision became the final decision of the Commissioner.

Briefly, the ALJ found that plaintiff suffered from severe impairments, including depressive disorder, anxiety disorder, and obsessive compulsive disorder. (Tr. at 104-05.) But the ALJ found that plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. at 105-06.) The ALJ determined that, with certain exceptions, the plaintiff had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. §§

---

[1] The standard for disability under both the Title II and Title XVI programs is the same. *See Spencer v. Colvin*, No. 5:14-CV-352-REW, 2015 WL 4621882, at *1 n.1 (E.D. Ky. July 30, 2015) (citing *Bailey v. Sec'y of Health & Human Servs.*, 922 F.2d 841, at *3 (6th Cir. 1991) (Table) (other citations omitted)). Therefore, for convenience, this memorandum opinion will refer only to Title II disability benefit regulations found at 20 C.F.R. §§ 404.1500-404.1599.

[2] All references to page numbers are to the page identification numbers generated by the Court's CM/ECF electronic docketing system.

404.1567(b) and 416.967. (Tr. at 106-07.) The ALJ also found that plaintiff was unable to perform any past relevant work, but, considering plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy and state economy that plaintiff could perform. (Tr. at 111-12.) Therefore, the ALJ concluded that plaintiff had not been under a disability as defined in the Social Security Act from July 31, 2000, through the date of the decision. (Tr. at 112.)

Plaintiff filed the instant action to obtain judicial review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). Plaintiff contends that the ALJ's determination to deny benefits lacks substantial evidence in the record and was not based on the proper legal standard because the ALJ did not afford controlling weight to the opinion of plaintiff's treating physician, and erred in analyzing the opinion of plaintiff's treating counselor, when determining that plaintiff had the residual functional capacity to perform low-stress, unskilled work.[3] (*See* R&R at 728; Doc. No. 14 (Plaintiff's Brief on the Merits ["Pltf. Brf."]).)

The matter was automatically referred to Magistrate Judge George Limbert for preparation of a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.2(b)(1). The R&R recommended that the Commissioner's decision be affirmed, and plaintiff objected to the recommendation. (Doc. No. 19 ["Obj."].) The Commissioner filed a response (Doc. No. 20 ["Resp."]), and no reply was filed.

---

[3] Plaintiff's assertions of error concern only issues related to plaintiff's alleged mental health disability, not other alleged disabilities that were considered by the ALJ. Therefore, the magistrate judge limited review of plaintiff's medical history to plaintiff's mental health treatment (R&R at 729), and this Court will do the same.

## II. DISCUSSION

### A. Standard of Review

#### 1. Judicial review of R&R

Under 28 U.S.C. § 636(b)(1), "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Powell v. United States*, 37 F.3d 1499 (Table), 1994 WL 532926, at *1 (6th Cir. Sept. 30, 1994) ("Any report and recommendation by a magistrate judge that is dispositive of a claim or defense of a party shall be subject to de novo review by the district court in light of specific objections filed by any party.") (citations omitted); *Orr v. Kelly*, No. 1:14-cv-2302, 2015 WL 5316216, at *2 (N.D. Ohio Sept. 11, 2015) (citing *Powell*, 1994 WL 532926, at *1); Fed. R. Civ. P. 72(b)(3).

"An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004); *see also* Fed. R. Civ. P. 72(b)(3) ("[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to"); LR 72.3(b) (an objecting party shall file "written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections").

**2. Judcial review of administrative decision under the Social Security Act**

Under the Social Security Act, a disability renders the claimant unable to engage in substantial gainful activity because of a medically determinable physical or mental impairment that can result in death or that can last at least twelve months. 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a). The impairment must prevent the claimant from doing the claimant's previous work, as well as any other work which exists in significant numbers in the region where the individual lives or in several regions of the country. 42 U.S.C. § 423(d)(2)(A). Consideration of disability claims follows a five-step review process. 20 C.F.R. § 404.1520.

The Court's review of the Commissioner's decision to deny benefits is limited to determining whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S. Ct. 206, 83 L. Ed. 126 (1938)). "Substantial evidence is 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *McGlothin v. Comm'r of Soc. Sec.*, 299 F. App'x 516, 521 (6th Cir. 2008) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (internal citation omitted)).

If substantial evidence supports the Commissioner's finding that the claimant is not disabled, that finding must be affirmed even if the reviewing court would decide the matter differently. *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citation omitted). A reviewing court is not permitted to resolve conflicts in evidence or to decide

questions of credibility. *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007) (citation omitted). Moreover, the Commissioner's decision must be affirmed even if substantial evidence also exists in the record to support a finding of disability. *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (citing *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)).

"An ALJ's failure to follow agency rules and regulations 'denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record.'" *Cole v. Astrue,* 661 F.3d 931, 937 (6th Cir. 2011) (quoting *Blakley v. Comm'r of Soc. Sec.,* 581 F.3d 399, 407 (6th Cir.2009)). Relevant to the instant action, the standard for consideration of medical source evidence is contained in the administrative regulations. *See Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 375 (6th Cir. 2013). Generally, the opinion of a medical source who regularly treats the claimant is afforded more weight than a medical source who has examined the claimant but does not have an ongoing treatment relationship (nontreating source), and that opinion, in turn, is afforded more weight than the opinion of a medical source who has not examined the claimant (nonexamining source). *Gayheart*, 710 F3d at 375 (citing 20 C.F.R. §§ 404.1502, 404.1527(c)(1) and (2)). "In other words, '[t]he regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual become weaker.'" *Gayheart,* 710 F.3d at 375 (citing SSR No. 96–6p, 1996 WL 374180, at *2 (Soc. Sec. Admin. July 2, 1996)).

If the ALJ determines to assign a different weight to medical sources than provided by the regulations, the ALJ must provide reasons that are sufficiently clear, and errs if he or she fails to do so even if substantial evidence in the record supports the ALJ's decision. *See Wilson v. Comm'r of Soc. Sec*., 378 F.3d 541, 544-546 (6th Cir. 2004) (finding it was not

harmless error for the ALJ to fail to make sufficiently clear why he rejected the treating physician's opinion, even if substantial evidence exists to support the ultimate decision).

**B. Plaintiff's General Objections to the R&R**

Plaintiff's first objection is general. She "disagrees with the Magistrate Judge's findings and asks this Court to decline to adopt the Report and Recommendation. Plaintiff objects in full[.]" (Obj. at 749.) A general objection to a report and recommendation that fails to specify the issues of contention is not sufficient to preserve an issue for appeal and has the same effect as a failure to object. *Robert v. Tesson*, 507 F.3d 981 (6th Cir. 2007) (citing *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508-09 (6th Cir. 1991)). In order to preserve an issue, the objection must explain and cite specific portions of the report deemed to be problematic. *Id.* (quoting *Smith v. Chater*, 121 F.3d 709 (Table), 1997 WL 415309 (6th Cir. 1997)).

Plaintiff makes no specific objection to the sections I through V of the R&R (procedural and factual history, relevant medical evidence, hearing testimony, steps for evaluating entitlement to benefits, and standard of review). Therefore, the Court accepts the R&R in that regard.

**C. Plaintiff's Objection to the ALJ's treatment of Dr. Morris**

Plaintiff also "disagrees and objects" to the Magistrate Judge's finding that "substantial evidence supported the ALJ's analysis of treating psychiatrist Dr. Morris' medical

source statements,"[4] and specifically states her objection as follows:

> The ALJ acknowledged Dr. Morris as Plaintiff's "treating source," [but] did not assign Dr. Morris' opinion controlling weight, and then stated three reasons for the weight she did assign. (Tr. 43.) Plaintiff argued in her Brief on the Merits that the ALJ's stated reasons for discounting the weight assigned to Dr. Morris' opinion did not constitute "good reasons" under the relevant rules, regulations, and case law. (Plaintiff's Brief at 15-17.) The Sixth Circuit has long held, and very recently affirmed, that when an ALJ fails to give "good reasons" for the weight given to a treating physician's opinion, and the Court is unable to meaningfully review the ALJ's actual reasoning, the case will be remanded. Unfortunately, herein, the Magistrate Judge has merely restated the ALJ's own stated reasons for the weight assigned to Dr. Morris' opinion, nearly verbatim, and concluded that "the record supports the ALJ's conclusion"—without addressing Plaintiff's arguments that the ALJ's stated reasons failed, and without explaining how the ALJ's reasons may have satisfied the requirements of the treating physician rule. ([R&R] at 18-19.) Rather, the Magistrate Judge's analysis looked outside the ALJ's stated reasoning for other possible support in the record for the ALJ's ultimate conclusion, to find that that ALJ's "decision regarding the weight of Dr. Morris' opinion was based on substantial evidence." ([R&R] at 19.) The treating physician rule requires reversal or remand in such an instance.

(Obj. at 750-51 (footnote omitted).)

Even if substantial evidence in the record supports the ALJ's ultimate conclusion that plaintiff is not disabled, plaintiff argues that the case must be remanded because the treating physician rule requires that the ALJ provide "good reasons" for not giving Dr. Morris' opinion controlling weight so that the Court may conduct a meaningful review. (Obj. at 751.)

**1. Dr. Morris' opinion**

Dr. Morris, a psychiatrist, treated plaintiff from November 15, 2010, through at least July 30, 2012. The details of Dr. Morris' treatment of plaintiff and opinion regarding the

---

[4] The ALJ identified Dr. Morris as plaintiff's "treating source" and neither party contests this designation. A treating source is a physician, psychologist, or other acceptable medical source that has provided the claimant with medical treatment or evaluation and who has, or had, an ongoing relationship with the claimant. 20 C.F.R. § 404.1502. The record indicates that Dr. Morris treated plaintiff from November 2010 to at least through July 2012. (R&R at 732-36.)

plaintiff's ability to perform unskilled work with low stress and no contact with the public are contained in the R&R. (R&R at 732-36.)

        The ALJ's decision regarding the opinion of Dr. Morris states as follows:

> Some weight was accorded the opinion of claimant's treating source. Nalini Morris, D.O. at Phoenix Rising regarding [the claimant's] ability to perform unskilled work, with low stress and no contact with the public; however, little weight is given to the opinion that the claimant would miss more than four days per month. (Exh. 11F) The claimant's treating relationship at Phoenix Rising for mental health treatment occurred primarily as of 2010 which is at least 5 years after the expiration of the date last insured (DLI). (Exh. 5F, 7E, 9F, 11F-14F) These more recent records indicate that the claimant made sound decisions to stop her regimen of psychotropic medications for the sake of her unborn [and newborn] child which suggests that the claimant has greater ability to withstand stress than indicated by her allegations. Moreover, many of the limitations described appear to be based on claimant's self-report, indicative that Dr. Morris has permitted substitution of the claimant's judgment for her own. The possibility always exists that a doctor may express an opinion in an effort to assist a patient with whom he or she sympathizes for one reason or another. Another reality which should be mentioned is that patients can be quite insistent and demanding in seeking supportive notes or reports from their physicians, who might provide such a note in order to satisfy their patient[']s requests and avoid unnecessary doctor/patient tension. While it is difficult to confirm the presence of such motives, they are more likely in situations where the opinion in question departs substantially from the rest of the evidence of record, as in the current case.

(Tr. at 110.)

        The R&R summarizes the ALJ's discussion of Dr. Morris' opinion and concludes that the ALJ provided good reasons for not giving that opinion controlling weight. The R&R states that the ALJ "cited factors that tend to contradict Dr. Morris' opinion, and demonstrated ways in which the opinion was inconsistent with other substantial evidence in the case record." (R&R at 746.) The R&R acknowledges "the ALJ did not discuss these findings at great length during her discussion of weighing Dr. Morris' opinions," but ultimately concludes that the record supports the ALJ's conclusion[.]" (R&R at 746.)

9

**2. The treating physician and "good reason" rule**

A treating physician's medical opinion is entitled to "controlling weight" if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in [the] case record[.]" 20 C.F.R. § 404.1527(c)(2); *Wilson*, 378 F.3d at 544. If the Commissioner does not give a treating source controlling weight, the Commissioner must provide "good reasons" for doing so, and the weight assigned to the treating source opinion must be based on consideration of a number of factors, including the length, frequency, nature, extent of the treatment relationship, the treating source's area of specialty, and the degree to which the opinion is consistent with the record as a whole and is supported by relevant evidence. *Gayheart,* 710 F.3d at 376 (citations omitted); *Blakely*, 581 F.3d at 406 (citing *Wilson*, 378 F.3d at 544); 20 C.F.R. § 404.1527(d)(2); SSR 96-2p, 1996 WL 374188, at *5).

"The ALJ's discussion of treating source evidence 'must be sufficiently specific to make clear to any subsequent reviewers the weight [given] to the treating source's medical opinion and the reasons for that weight.'" *Cox v. Comm'r of Soc. Sec.*, No. 14-6243, 2015 WL 3621451, at *2 (6th Cir. June 11, 2015) (quoting *Cole*, 661 F.3d at 937) (internal quotation marks omitted). "Because the reason-giving requirement exists to 'ensur[e] that each denied claimant receives fair process,' we have held that an ALJ's 'failure to follow the procedural requirement of identifying the reasons for discounting the opinions and for explaining precisely how those reasons affected the weight' given 'denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record.'" *Blakely*, 581 F.3d at 407 (quoting *Rogers*, 486 F.3d at 243).

In her original brief seeking review of the Commissioner's decision, plaintiff argues that the ALJ did not provide good reasons for not giving Dr. Morris' two opinions controlling weight, thereby violating the treating physician rule, because: (1) the ALJ did not address Dr. Morris' first written opinion; (2) the ALJ's statement that Dr. Morris treated plaintiff after plaintiff's DLI is not relevant to the validity of Dr. Morris' opinions during the treatment period (procedurally, plaintiff may not have been eligible for disability benefits, but plaintiff may have been eligible for supplemental security income benefits); (3) the ALJ's conclusion that plaintiff's "sound decisions" to abstain from medication while pregnant "suggests that claimant has greater ability to withstand stress than indicated by her allegations" is contrary to the second opinion of Dr. Morris (issued when Dr. Morris was aware plaintiff had stopped her medication), which was consistent with Dr. Morris' first opinion regarding plaintiff's functionality and stress tolerance, suggesting that the ALJ substituted her own judgment for the medical judgment of Dr. Morris; and (4) the ALJ's statement that Dr. Morris permitted the substitution of plaintiff's judgment for her own is purely speculative. (Pltf. Brf. at 678-81.) In her objection, plaintiff contends that the magistrate judge never addressed these issues, but simply restated the ALJ's opinion. (Obj. at 750.)

### 3. Analysis

First, the ALJ's discussion of Dr. Morris' opinion does not address Dr. Morris' first statement, dated May 31, 2011. (Tr. at 538-40.) This statement, Exhibit 7F to the transcript, appears to bear the signature of Dr. Morris on the primary and required signature line. (*Id*. at 540.) The ALJ's discussion of Dr. Morris' opinion does not refer to Exhibit 7F, but only refers to Dr. Morris' second statement on December 8, 2011, Exhibit 11F. (Tr. at 587-91.)

11

The signature of Ms. McCollum, plaintiff's counselor, also appears on Exhibit 7F, but appears to be inserted as an additional signature to Dr. Morris' signature. The transcript index describes Exhibit 7F as "Medical Source Statement . . . from [S]usan McCollum, LPC"—not from Dr. Morris. (Tr. at 66.) The ALJ's discussion of Exhibit 7F in the context of Ms. McCollum's opinion—not Dr. Morris' opinion—affords no weight to it because Ms. McCollum is "not an acceptable medical source." (Tr. at 110.)

It is not clear whether Dr. Morris' first statement—Exhibit 7F—was simply overlooked by the ALJ, or not included in the ALJ's discussion of Dr. Morris' opinion for a reason not explained. Either way, the ALJ's failure to consider or discuss the opinion of a treating source does not comply with the treating physician rule and requires further explanation by the Commissioner.

Second, it is unclear from the ALJ's discussion what role, if any, the fact that plaintiff's treatment with Dr. Morris occurred approximately 5 years after plaintiff's DLI played in the ALJ's evaluation of Dr. Morris' opinion. The ALJ also refers to "more recent records," those records apparently involving plaintiff's decision to cease her medication during pregnancy. But Dr. Morris' treatment of plaintiff and plaintiff's decision occurred contemporaneously. The Court cannot discern from the ALJ's statement what records the ALJ is comparing to "these more recent records" and how that comparison supports the ALJ's decision to discount Dr. Morris' opinion.

Further, the ALJ states that plaintiff's decision to cease her medication during pregnancy "suggests that the claimant has greater ability to withstand stress than indicated by her allegations." (Tr. at 110.) But the ALJ does not explain why plaintiff's decision to

12

*temporarily* cease her medication during pregnancy supports discounting Dr. Morris' opinion regarding plaintiff's ability to function "on a *sustained* basis," which is a required factor to consider in rating a claimant's degree of functional limitation. *See* 20 C.F.R. § 1520a(c)(2). Indeed, when plaintiff first saw Ms. McCollum on December 2, 2009, plaintiff reported that she had been previously treated for bipolar disorder but had stopped taking her medication, and her moods were "out of control." (Tr. at 455.) Plaintiff resumed a medication regimen under Dr. Morris, but ceased certain medications because of her pregnancy. Plaintiff's reports were mixed regarding the cessation of her medication, but she reported high anxiety and uncertainty as to whether she could go without her medication during the entire time of her pregnancy (Tr. at 529, 562.)

Finally, the ALJ apparently discounts Dr. Morris' opinion because the ALJ is of the view that Dr. Morris permitted her judgment to be substituted by the plaintiff's judgment. (Tr. at 110.) While there may be situations in which the facts in a claimant's record could support such a conclusion, no such basis is offered by the ALJ. Indeed, the ALJ's statements on this topic are replete with language that suggests speculation by the ALJ in this regard: "the possibility always exists that . . . ," "[a]nother reality which should be mentioned is that patients can be quite insistent and demanding . . ." and, "[w]hile it is difficult to confirm the presence of such motives . . . ." (Tr. at 110.) The ALJ's decision to discount the opinion of Dr. Morris based on such speculation does not satisfy the good reason rule, and if there is supporting evidence in the record, the ALJ failed to build "'an accurate and logical bridge between the evidence and the result.'" *See Fleischer v. Astrue*, 774 F. Supp. 2d 875, 877 (N.D. Ohio 2011) (quoting *Sarchet v. Chater*, 78 F.3d 305, 307 (7th Cir. 1996)).

13

For these reasons, the Court concludes that the ALJ failed to provide good reasons for not giving the opinion of Dr. Morris controlling weight. Such error is not harmless even if the claimant appears to have had little chance of success on the merits. *Wilson*, 378 F.3d at 546 (citation omitted). The procedural requirement that the ALJ provide good reasons for discounting the treating physician's opinion

> ensures that the ALJ applies the treating physician rule and permits meaningful appellate review of the ALJ's application of the rule. Because of the significane of the notice requirement in ensuring that each denied claimant receives fair process, a failure to follow the procedural requirement of identifying the reasons for discounting the opinions and for explaining precisely how those reasons affected the weight accorded the opinions denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based on the record.

*Rogers*, 486 F.3d at 243 (internal quotation marks and citations omitted).

As a consequence, the Court finds that the ALJ's determination is not supported by substantial evidence. Accordingly, this matter is remanded to the Commissioner for consideration of Dr. Morris' opinion, and the effect of that opinion on the ALJ's determination of plaintiff's residual functional capacity, in accordance with the agency's regulations and the appropriate legal standard.

**D. Plaintiff's objection as to the ALJ's treatment of Ms. McCollum**

The ALJ's decision with respect to counsellor McCollum states as follows:

> A licensed professional counselor at Phoenix Rising completed a medical source statement and questionnaire at Exhibits 7F and 10F. While these assessment[s] have been considered pursuant to 20 C.F.R. 416.908(d)(1), Ms. McCollum is not an acceptable medical source and no weight is afforded either of them. (SSR 06-3p) Two opinions were received of the claimant's counselor, Susan McCollum, LPC. The first, dated May 31, 2011, indicated that the claimant could not focus or concentrate to understand, remember or carry out instructions, would be unable to concentrate or maintain interest to concentrate, persist, or maintain pace, would not be able to withstand the stressors of day-to-day work and would be nervous around others. Ms. McCollum has seen the claimant over a lengthy period, and

14

> was reporting within the bounds of her professional certifications; however, her report is not consistent with her own notes (5F/38) and is based in large part, upon the claimant's self-described limitations, meaning that she has permitted substitution of the claimant's judgment for her own; moreover, this opinion is not consistent with the one submitted approximately six months later, and this inconsistency is not reflected by any discernable change in the treatment record. The second opinion of Ms. McCollum, dated December 1, 2011, essentially mirrors that of Dr. Morris, outlined above.

(Tr. at 110.)

Unlike treating source opinions, "opinions from nontreating and nonexamining sources are never assessed for 'controlling weight.' The Commissioner instead weighs these opinions based on the examining relationship (or lack thereof), specialization, consistency, and supportability, but only if a treating-source opinion is not deemed controlling. 20 C.F.R. § 404.1527(c). Other factors 'which tend to support or contradict the opinion' may be considered in assessing any type of medical opinion. *Id.* § 404.1527(c)(6)." *Gayheart*, 710 F.3d at 376.

Plaintiff contends that the ALJ's treatment of Ms. McCollum's statements is not supported by substantial evidence in the record. The primary focus of plaintiff's argument is the ALJ's determination that Ms. McCollum's statements were not consistent with each other or with her own notes of plaintiff's visits. (Pltf. Brf. at 681-83.)

Upon review, the magistrate judge concluded that both plaintiff and defendant provided examples in the record of both consistencies and inconsistencies in Ms. McCollum's opinions. Judicial review is limited to determining whether the Commissioner's decision is supported by substantial evidence, even if there is substantial evidence in the record to support a contrary determination. Because there was substantial evidence in the record to support the ALJ's determination that Ms. McCollum's opinions were inconsistent, the magistrate judge recommended that the ALJ should be affirmed in this regard. (R&R at 747.)

The plaintiff's objection to the R&R with respect to Ms. McCollum's opinion is non-specific, and merely asserts disagreement with the magistrate judge's conclusion that substantial evidence supported the ALJ's analysis of Ms. McCollum: "The Magistrate Judge found that substantial evidence supported the ALJ's analysis of . . . counselor McCollum's opinion. Plaintiff respectfully disagrees and objects." (Obj. at 750 (footnote omitted).) Such a non-specific objection that expresses general disagreement with the recommendation is not a proper objection under the law and will not be further considered by the Court. Accordingly, the Court accepts the R&R with respect to the ALJ's treatment of Ms. McCollum's opinion.

### III. CONCLUSION

For all of the foregoing reasons, the Court sustains plaintiff's objection relative to the ALJ's treating source analysis and RFC analysis. Accordingly, the Court ACCEPTS the magistrate judge's recommendations, in part, REJECTS the recommendations, in part, REVERSES the Commissioner's decision to deny plaintiff's application for DIB and SSI benefits, and REMANDS this matter to the ALJ for further proceedings consistent with this Memorandum Opinion.

**IT IS SO ORDERED**.

Dated: September 24, 2015

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**